11-3969-cv
*Aiello v. Stamford Hospital*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of November, two thousand twelve.

PRESENT:

> JOSÉ A. CABRANES,
> DENNY CHIN,
> SUSAN L. CARNEY,
>
> *Circuit Judges.*

---

GEORGE AIELLO,

> *Plaintiff-Appellant,*

> v.                                                                No. 11-3969-cv

STAMFORD HOSPITAL,

> *Defendant-Appellee.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | WILLIAM S. PALMIERI, Law Offices of William S. Palmieri, LLC, New Haven, CT. |
| **FOR DEFENDANT-APPELLEE:** | MICHAEL J. SOLTIS, Jackson Lewis LLP, Stamford, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant George Aiello brought this suit in 2009 against his former employer, defendant-appellee Stamford Hospital ("the Hospital"), alleging a host of federal and state claims for alleged mistreatment at work. As Aiello summarizes in his brief, the Hospital purportedly "subjected [him] to discrimination based upon his age and gender, hostile work environment, harassment, threatening, intimidation and physical threats, treated him differently from other similarly situated employees, retaliated against him, suspended him without pay and terminated him, in contravention of the Constitution and laws of the United States and the laws of the State of Connecticut." Appellant's Br. 1–2. Based on these allegations, Aiello brought claims for—as relevant to this appeal—employment-related age and gender discrimination under 42 U.S.C. § 2000e, 29 U.S.C. § 621, and the Connecticut Fair Employment Practices Act ("CFEPA").

The District Court granted summary judgment to the Hospital on each of these claims in an order dated August 8, 2011. *See Aiello v. Stamford Hosp.*, No. 3:09-cv-1161, 2011 WL 3439459 (D. Conn. Aug. 8, 2011). On appeal, Aiello argues that the District Court erred in the following four ways: (1) by applying federal standards to CFEPA; (2) by exercising supplemental jurisdiction over his CFEPA claims; (3) by not considering his "age plus gender" discrimination claim; and (4) by rejecting his hostile-work-environment claim. We presume the parties' familiarity with the facts and procedural history of this case.

**DISCUSSION**

We review the District Court's grant of summary judgment *de novo. Juliano v. Health Maint. Org. of N.J., Inc.*, 221 F.3d 279, 286 (2d Cir. 2000). Each of Aiello's arguments is either waived or mistaken for the reasons stated in the District Court's comprehensive opinion.

First, Aiello argues that the District Court mistakenly applied the "but for" causation test rather than the more lenient "motivating factor" test when the Court evaluated his CFEPA claim. We disagree. The District Court expressly recognized the potential instability in Connecticut law and therefore applied both tests. *See* Joint App'x 627 (considering his CFEPA claim under the *Gross* standard and "the prior more lenient standard"). We agree with the District Court's assessment.

Second, Aiello argues that the District Court abused its discretion by exercising supplemental jurisdiction over his state-law claims. This argument is meritless. The same facts and mostly the

same legal principles applied to both his federal and state-law claims, and therefore the District Court was well within its discretion to exercise supplemental jurisdiction. *See Valencia v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003).

Third, Aiello argues that the District Court improperly construed his allegations as raising distinct age-discrimination and gender-discrimination claims rather than an "age plus gender" claim. This construal was hardly an oversight, however, because Aiello never asserted his "plus" theory in the District Court. Accordingly, he has waived that argument. "The premise of our adversarial system is that [federal] courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them." *Coalition on W. Valley Nuclear Wastes v. Chu*, 592 F.3d 306, 314 (2d Cir. 2009) (quotation marks omitted). Aiello cites *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93 (2d Cir. 2010), for the principle that an "age-plus-sex" claim need not be brought independently of a viable ADEA claim. *Id.* at 110. Be that as it may, a litigant still must present the theory to the court below when responding to a motion for summary judgment. Aiello "failed to develop [his age-plus-gender] argument in any meaningful way" in the District Court, *Coalition on W. Valley Nuclear Wastes*, 592 F.3d at 314, and therefore he has waived any reliance on that theory on appeal.

Finally, Aiello argues that he was subjected to a hostile work environment. We reject this argument for substantially the reasons stated in the District Court's order. *See* Joint App'x 621–27.

**CONCLUSION**

Having considered each of Aiello's arguments *de novo*, we conclude that they are meritless. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3